UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>          Plaintiff,<br><br>     v.<br><br>MARGARET MIMS, et al.,<br><br>          Defendants. | Case No.: 1:20-cv-00634-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 16) |

Plaintiff Phillip Sanders is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for appointment of pro bono counsel (ECF No. 20). Plaintiff seeks appointment of counsel to allow him the "opportunity to communicate with the court and the defendants [to] address the seriousness of the matter while fast tracking any remedies or changes in policy that should be immediately imposed[.]" (ECF No. 16 at 2.) Plaintiff further contends "the pro bono program would be a perfect opportunity to resolve or remedy this situation so that no one should have to suffer gasping for air while waiting to receive a breathing treatment while in confinement when the purpose of the asthma pumps provides relief until treatment can [be] received[.]" (Id.)

///

///

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims (the case is still at the screening stage). Moreover, based on the complaint, it appears that Plaintiff can adequately articulate his claims.  Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.  Accordingly, Plaintiff's motion for appointment of pro bono counsel is denied.

IT IS SO ORDERED.

Dated:   **November 1, 2021**

UNITED STATES MAGISTRATE JUDGE