UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>       Plaintiff,<br><br>   v.<br><br>MARGARET MIMS, et al.,<br><br>       Defendants. | Case No.: 1:20-cv-00634-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR REASSIGNMENT<br><br>(Doc. 25) |

Phillip Sanders contends that this "case was assigned to a Magistrate [J]udge Boone outside rules of civil procedures well as without CONSENT/DECLINE of U.S. Magistrate Judge jurisdiction." (Doc. 25.)  Plaintiff further contends that forcing him to consent to a Magistrate Judge "would deprive [him] the opportunity to open up dialogue with a district judge from scratch or with a clean slate with no past or current conflicts."  (*Id.*)

In the United States District Court for the Eastern District of California, even in the absence of magistrate judge consent, magistrate judges are both authorized and required to issue screening orders and findings and recommendations in cases brought by prisoners seeking relief under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 636(a), (b)(1); Fed. R. Civ. P. 72; Local Rule 302(c)(17), 303. Thus, it was not necessary for Plaintiff to consent for the assigned magistrate judge to screen the complaint and to issue any future findings and recommendations in this action.  Plaintiff's motion does not provide a valid basis to vacate the referral to the magistrate judge to issue rulings on all non-dispositive matters.

1

Fed. R. Civ. P. 72 (non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge); *see also* Local Rule 303(c).  Accordingly, Plaintiff's motion for reassignment (Doc. 25) is denied.

IT IS SO ORDERED.

Dated: __**March 7, 2022**__

UNITED STATES DISTRICT JUDGE