Philip Sanders
1004 East Byrd Fresno California 93706
email civilfedcase@gmail.com



JUN 13 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

**UNITED STATES COURT EASTERN DISTRICT OF CALIFORNIA**

**Plaintiff**
Phillip sanders

Case No.: 1:20-cv-00634-JLT-SAB (PC)

1 MARGARET MIMS, SHERIFF, FRESNO COUNTY;

PLAINTIFF'S SECOND AMENDED COMPLAINT

2 EDWARD MORENO, M.D., DIRECTOR ETAL

3 INTAKE NURSE JANET SMITH ETAL

4 CORRECTIONAL OFFICER VANG ETAL

5 INFIRMARY NURSES UNKOWN ETAL

6 INFIRMARY DOCTOR UNKNOWN ETAL

NATURE OF THE ACTION

1 This civil rights lawsuit seeks monetary tort and punitive relief to remedy dangerous and unconstitutional conditions in the Fresno County ("Jail"). Plaintiff brings this action as a (pretrial detainee) alleging **Intentional infliction of emotional distress and mental anguish** that could have led to death as a result of Fresno County jail officials' systemic failure to provide minimally adequate medical care to prisoners with disabilities.

In a similar class action suit won by legal advocacy for disability rights 1:11-CV-02047-LJO-BAM against some of the same defendants the FINDINGS AND RECOMMENDATIONS GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT found the conditions in the Jail violated the constitutional and statutory rights of plaintiffs and all prisoners who were or will be housed in the Jail. Specifically, the Complaint found that the Jail does not provide prisoners with access to adequate medical, care in violation of the Eighth and Fourteenth Amendments; and that prisoners are not provided with reasonable accommodations for their disabilities in violation of the Americans with Disabilities Act and section 504 of the Rehabilitation Act. it seems the defendant has made little progress after losing

PLEADING TITLE - 1

such a important case

2. Defendant Sheriff Margaret Mims Sheriff Mims has contracted with the Fresno County Department of Public Health to provide all health care services in the Jail, but by statute retains the ultimate county authority over the health care and treatment of the plaintiff Mims is ultimately responsible for the health care and safety of prisoners in the Jail, but she has failed to meet this responsibility Sheriff Mims and the other Defendants have been deliberately indifferent to the substantial risk of harm caused by policies and practices that result in an ineffective health care system delayed access to health care, under-qualified and insufficient numbers of health care staff one consequence is that prisoners with serious and chronic medical conditions have suffered from life-threatening symptoms that could have been avoided if they had received timely and adequate medical care. Thus, prisoners with disabilities suffer from pervasive discrimination in the conditions of their confinement. therefore plaintiff seek monetary tort and punitive relief compelling Defendants for not provide reasonable accommodations to prisoners with disabilities.

3. Finally Defendants know that prisoners live under conditions creating a substantial risk of harm but have made little progress after losing such a important case brought byblegal advocacy for disability rights a few years before this claim in fact thing got worse according to joe smiths email
*************************************************************************

**From:** Smith, Joe <Joe.Smith@fresnosheriff.org>

**Sent:** Wednesday, March 23, 2022 4:03 PM
**To:** 'phillfree@live.com' <phillfree@live.com>
**Subject:** FW: health dept public safety complaint

Mr. Sanders-

I see that you were in our custody in April of 2018 and then released on May 2, 2018. Our medical provider at the time (Corizon) did not issue inhalers during intake/booking. However, they would provide an inhaler upon request. Per our records, you made a request on 4/20/18 and then received an inhaler on 4/21/18. This met our 24 hour requirement upon the receipt of your request.

The good news is our new medical provider (Wellpath) _does_ issue inhalers at intake/booking so inmates no longer need to make a formal request.

I hope you are doing well.

Joe Smith | Sheriff's Captain | Fresno County Sheriff's Office
Custody Division – Jail Medical & Services Bureau
Office (559) 600-8387
................................................................................

**4 JURISDICTION**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, and 1367. District courts have original jurisdiction of all civil actions arising under the Constitution Plaintiffs seek Intentional infliction of emotional distress and mental anguish that could have led to death42 U.S.C. Section 1983; 42 U.S.C. Section 12101 et seq.; and 29 U.S.C. Section 794.42 U.S.C. §§ 1988, and 1213 federal law, in particular, the Eighth and Fourteenth Amendments to the United States Constitution, the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the

PLEADING TITLE - 2

Rehabilitation Act, 29 U.S.C. § 794, applies

5 VENUE

Venue is proper in the Eastern District of California under 28 U.S.C. Section 1391(b) because Plaintiffs' claims for relief arose in this district, and one or more of the defendants reside in the district.

PARTIES

1 Plaintiff was booked in county jail on 4 /20/ 2018 plaintiff surrendered all personal property then obtained his booking sheet and continued with the medical intake assessment from RN Janet smith before being assigned a bump during the medical interview with intake RN smith plaintiff explained he was on social security disability for degenerative disc well as bronchial asthma and plaintiff medical history should be in the computer from previous arrest plus more plaintiff asthma was so serious he had a medical base at his home so that his PG&E could not be disconnected even if my payments were late

nevertheless during that intake interview plaintiff requested pain medication for degenerative disc back pain well as asthma inhaler for chronic bronchial asthma intake RN smith reviewed the medical history on the computer added pain medication to the medical chart so that plaintiff could receive his normal dosage for degenerative back pain then intake RN smith advised plaintiff asthma pumps were no longer being issued to inmates do to inmates using them for drugs and if he had any tightening in the chest and needed treatment to inform the floor CO and request to go to the infirmary for breathing treatment as a result of the excitement of the arrest plaintiff requested to go to the infirmary during the medical intake interview while he had the chance to receive treatment

when plaintiff arrived at the infirmary a oxygen level test was provided by unknown infirmary nurse to determine plaintiff oxygen level around 90 % followed by a breathing treatment without any doctor's examination then plaintiff returned to the booking intake RN smith to finish all the medical paperwork and returned to the booking cell where plaintiff received full dress outs then issued a bunk

plaintiffs pain medication was properly available during every med call but plaintiff asthma inhaler medication was not provided the intake registered nurse smith systematically did not enter the asthma inhaler prescription into the booking intake medical computer so that the inhaler prescription would be available even after telling her I was on disability for chronic bronchial asthma

All most every other night I began to get a tightness in my chest and went to the infirmary for numerous breathing treatments at first plaintiff thought the tightness was because of excitement of the unlawful arrest and or the probation violation I knew would be dropped when the court hearing concluded ! but after speaking with other inmates I found out the shedding wool blankets triggered my asthma around 4/25/2018 I filed a inmate request slip stating I needed

PLEADING TITLE - 3

my inhaler plus I needed a none wool blanket because it was triggering my asthma and got no response

2 days later a second incident happened around 4/27/2018 with CO vang This particular day the count took a extremely long period to clear there seem to be a riot on the fourth level between two rival gangs so the floor captains restricted movement on all levels in order to keep the inmates completely separated point being I made numerous attempts on 4/27/2018 to get to the infirmary around the 2nd or 3rd attempt correctional officer vang deliberately lie telling me the infirmary cells were completely full because of the riot and I had to wait while suffering tightness in my chest shortness of breath contributing to metal aguish and emotional distress

none the less when I finally went to the infirmary all the cells were empty I asked the medical staff how many inmates they had before me the nurse said they had few to no inmates in the medical holding cell for hours then the unknown infirmary nurse issued me a oxygen level test followed by a breathing treatment without any doctors examination and returned me to my cell again 2 days later I filed a grievance on 4/29/2018 The grieving gave the date of the incident as 4/27/ 2018 I wrote on the grievance form word for word posted below and attached exhibit 1

I need a inhaler I asked for one the first day I was booked in on 4/20/18 I was refused intake nurse gave me breathing treatment before I got dressed out and came upstairs I was told to tell floor officer if I needed a treatment when I asked floor officer Vang on 4/ 27/18 she said she could not send me until count cleared after count cleared she told me med cells we're full and I had to wait longer refusing inhaler and treatment is against disability act put inhaler in lock box on every floor signed by Philip Sanders

clearly in that grievance I was suggesting a way for the inmates to have their inhalers close by when floor officer vang told me all the cells were full the med staff told me they only had a few patience that evening then I begin to realize that floor correctional officer Vang was intentionally lying seemingly tired from working a double shift just didn't care so I filed a grievance

After the grievance was filed a few days later the infirmary doctor name unknown seemingly in retaliation called me and demanded a chest x-ray around 5/1/2018 intended to determine if I was faking when the results from the Xray came back the infirmary doctor called me in to the office determined I had narrow passages prescribed another breathing treatment and prescribed the inhaler to be placed on the medical chart for daily medical call medication treatment it took almost 11 days for the jail to confirm what they already had in my medical records or could have been confirmed thru my social security disability doctors prescription in the computer

To make things worse when I return to my cell that same day 3 hours when by and floor medical call RN unknown name came, I went to get my inhaler treatment and the medical call RN forgot to put the inhaler prescription on the medical cart the RN expressed his sympathy said I'm sorry and told me he would be back soon as he finished med call rounds some what reckless because the RN

PLEADING TITLE - 4


should have went right to the inhaler he forgot nevertheless I waited in the day room around 1 hour 1/2 the registered nurse did not return

then out off nowhere a fight broke out one CO in the cage got on the loudspeaker and ordered everyone to get down on the floor in place wherever they were then locked all the cell doors I ended up face down in the day room around 20 ft from my cell door the goon squad came separated the inmates while one female correctional officer attempted to pepper spray both inmates while they were being separated the pepper spray covered the entire day room

that instantly triggered my asthma my eyes were burning and I was coughing everyone in the dayroom was coughing and choking as the goon squad separated the inmates one by one they ordered inmates back into their 3 man cell bunks I repeatedly push the medical alert button in the cell telling the correctional officer in the cage I had asthma and I needed my asthma pump I was pacing the floor using cold water to slow the coughing and choking

after about 30 minutes past the floor medical call registered nurse that forgot my inhaler on the cart came and put the inhaler in my hand while I remained in my cell then by the grace of god I was called to bail out went home and gave myself a breathing treatment when I look back at how all the events unfolded waiting and suffering without my asthma inhaler medication I began to recognize the jail had no policy or training that would properly deal with disable inmates with asthma during riots involving pepper spray that would lessen the impact of cruel and unusual punishment that could lead to death

2 Defendant Sheriff Margaret Mims is the Sheriff of the County of Fresno. She is sued in her official capacity. In her capacity as Sheriff, she is ultimately responsible for the safekeeping of all prisoners in the Jail. These responsibilities include, but are not limited to, the operation and administration of all of the Jail facilities. Sheriff Mims has contracted with the Fresno County Department of Public Health to provide all health care services in the Jail, but by statute retains the ultimate county authority over the health care and treatment of the plaintiff making her responsible for flawed policy that violates the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution well as violation of the Americans with Disabilities Act and section 504 of the Rehabilitation Act

3 Defendant Edward Moreno is the Director of the Department of Public Health. He is sued in his official capacity. He is responsible for the provision of health care services, including medical, dental, and mental health care, to all prisoners in the Jail. His responsibilities include, but are not limited to, approving all Policies and procedures for the delivery of health care in the Jail. Making him responsible flawed policies that violates the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution well as violation of the Americans with Disabilities Act and section 504 of the Rehabilitation Act

PLEADING TITLE - 5

4 Defendant Intake nurse Janet Smith is sued in her official capacity failure to provide minimally adequate medical care not entering inhaler medication into computer for day to day treatment that would prevent full breathing treatment simple put the policy were backwards and could have led to death violating the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution and failure to reasonably accommodate prisoners with disabilities violates the ADA and Section 504 of the Rehabilitation Act.

5 defendant Correctional officer vang failure to provide minimally adequate medical care delaying or refusing to send inmates with asthma to infirmary violates the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution

6 defendant infirmary nurses Unkown is sued in her official capacity failure to provide minimally adequate medical; nursing staff that are not board certified in any areas of medical specialization preform asthma oxygen level testing and prescribe breathing treatments without being seen by a doctor violates the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution;

7 defendant infirmary doctor unknown is sued in his official capacity failure to provide minimally adequate medical, care violates the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution often allow jail nursing staff that are not board certified in any areas of medical specialization to preform asthma oxygen level testing and prescribe breathing treatments without being seen by a doctor

according to amended complaint 1:11-CV-02047-LJO-BAM even When Prisoners See Health Care Providers, They Do Not Receive Adequate Care. Substandard Medical Care None of the Jail's physicians are board certified in any areas of medical specialization. Board certification is obtained through a rigorous process of testing and peer evaluation. Board certification is important in a jail setting because prisoners tend to have higher levels of illness than the general population, and the range and acuity of those illnesses is particularly complex. Even though physicians in the Jail have not gone through this certification process, they are called upon to diagnose and treat prisoners with serious and chronic and disorders. The standard of care in the profession requires these types of conditions to be referred to a board certified specialist in internal medicine, but Defendants do not consistently follow that standard of care.

**Eighth and Fourteenth Amendments ALLEGATIONS**

Plaintiff brings this action alleging he was under SUBSTANTIAL RISK of DEATH and suffered intentional infliction of emotional distress and mental anguish **do to** policies and practices Denial of minimally adequate medical care IN VIOLATION OF THE U.S. CONSTITUTION. Under the Eighth and Fourteenth Amendments, defendants as jail officials must provide adequate health care to prisoners. *Brown v. Plata,* 563 U.S. 131 S. Ct. 1910, 1928 (2011) (Eighth Amendment); *Jones v. Johnson,* 781 F.2d. 769,

PLEADING TITLE - 6

1  771 (9th Cir. 1986) pain or psychological trauma due to lack of health care, "is simply not 'part
2  of the penalty that criminal offenders pay for their offenses against society.

3
4  In a similar class action brought by legal advocacy for disability rights 2015 case settlement No. 1:11-CV-02047-LJO-BAM against some of the same defendants FINDINGS AND RECOMMENDATIONS GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT found the conditions in the Jail
5  violated the constitutional and statutory rights of plaintiff and all prisoners who were or will be housed in the Jail. Specifically, the Complaint found that the Jail does not provide prisoners with access to adequate
6  medical, care in violation of the Eighth and Fourteenth Amendments; and that prisoners are not provided with reasonable accommodations for their disabilities in violation of the Americans with Disabilities Act
7  and section 504 of the Rehabilitation Act.  it seems the defendant has made little progress after losing
8  such a important case

9  On February 21, 2013, a few years before this claim the parties in that case agreed to a process whereby experts agreeable to both parties would inspect the Jail and issue reports and
10 recommendations. Pursuant to that agreement, experts inspected the jail and provided the parties
11 with their reports and recommendations. Based on those recommendations, the parties engaged in extensive settlement negotiations. The parties agreed to a Consent Decree granting injunctive
12 and declaratory relief to the Class Under the terms of the Consent Decree, the parties have agreed to a detailed Remedial Plan that Defendant will be responsible for implementing The
13 Remedial Plan provisions cover the substantive areas in dispute: health care, personal safety, and
14 disability discrimination.

15 that being said these  defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;  those conditions put the plaintiff at substantial risk of suffering
16 serious harm plus more the defendant did not take reasonable available measures to abate that
17 risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious  by not
18 taking such measures, the defendant caused the plaintiff's injuries.

19
20 as indicated by **Joe Smith | Sheriff's Captain | Fresno County Sheriff's Office Custody Division – Jail Medical & Services Bureau**

21
22 medical provider at the time was (Corizon) and they did not issue inhalers during intake/booking that this policy amounts to deliberate indifference to the plaintiff's constitutional right;
23 and  that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)
24

25
26 This failure to provide adequate care, safety, and reasonable accommodations in the Jail has caused widespread harm, including severe and unnecessary pain and injury, and violates prisoners' rights under
27 the Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act

28
PLEADING TITLE - 7

municipal liability under Section 1983

To state a claim for municipal liability under Section 1983, a plaintiff must allege: (1) that the plaintiff was deprived of a constitutional right; " (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) **Here all 4 requirements to state a claim exist**

FACTUAL ALLEGATIONS

Sheriff Mims is ultimately responsible for the care and safety of the approximately 2,300 prisoners in the Jail. In her role as Sheriff, she supervises a team of seven managerial staff that includes Captain Hill and Captain Weldon. Captain Hill is responsible for the correctional operations of the Jail. Captain Weldon oversees the contract with the Department of Public Health for the delivery of health care in the Jail. In this role, she works directly with Edward Moreno, George Laird, and Pratap Narayan, who are the Department of Public Health administrators responsible for the delivery of health care at the Jail. All of these parties are intimately familiar with the policies and practices described herein that create a substantial risk of harm to prisoners at the Jail.

In a related case brought by legal advocacy for disability rights 2015 case settlement No. 1:11-CV-02047-LJO-BAM against some of the same defendants Plaintiffs' counsel notified Sheriff Mims of the substantial risk of harm described in this complaint in a 12-page letter dated October 4, 2011. Sheriff Mims initially responded by requesting a delay of two months to the end of November to investigate these issues. As of this date, Sherriff Mims has not provided any substantive response to the issues raised in the letter, and Defendants have failed to take reasonable measures to abate the substantial risk of harm.

the amended complaint went on to say Prisoners are entirely dependent on Defendants for basic health care, but Defendants are failing in their constitutional obligation to provide such care. The medical, dental, and mental health care ("health care") provided by Defendants in the Jail is woefully inadequate and subjects prisoners to a substantial risk of serious injury or death. Defendants have a policy and practice of failing to employ qualified health care professionals, to properly or conscientiously train and supervise the conduct of such persons after their employment, and to provide timely access to minimally adequate care. Defendants' conduct demonstrates deliberate indifference and a reckless disregard for prisoners' Eighth and Fourteenth Amendment rights.

Terms of Settlement The parties agreed to a Consent Decree granting injunctive and declaratory relief to the Class without providing for a monetary award to the Class. Declaration of Kelly Knapp ("Remedial Plan"), Attach. 1, (Doc. 170-1). Under the terms of the Consent Decree, the parties have agreed to a detailed Remedial Plan that Defendant will be responsible for implementing subject to

PLEADING TITLE - 8

monitoring by Plaintiffs' counsel. The Remedial Plan provisions cover the substantive areas in dispute: health care, personal safety, and disability discrimination.1 Id. Plaintiffs' counsel

**DISABILITY DISCRIMINATION**

Defendants have a policy and practice of failing to reasonably accommodate prisoners with disabilities. For example, even after having plaintiffs asthma disability on record in the computer Defendants refused to provide Plaintiff asthma inhaler after numerous request and grievance the delay in proving plaintiff's inhaler escalated into a gas chamber like situation when correctional officers pepper spayed inmates in a riot Defendants have failed to provide an effective grievance system for prisoners with disabilities as required by the ADA, 28 C.F.R. Section 35.107(b)

**CLAIMS FOR RELIEF First Cause of Action (Eighth Amendment)**

By their policies and practices described in paragraphs 28 - 107, Defendants subject Plaintiffs and the Plaintiff class to a substantial risk of harm and injury from inadequate health care and violence. These policies and practices have and continue to be implemented by Defendants and their agents or employees in their official capacities, and are the proximate cause of Plaintiffs' and the Plaintiff class's ongoing deprivation of rights secured by the United States Constitution under the Eighth Amendment. 114. Defendants have been and are aware of all of the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

**Second Cause of Action (Fourteenth Amendment)**
By their policies and practices described in paragraphs 28 - 107, Defendants subject Plaintiffs and the Plaintiff class to a substantial risk of harm and injury from inadequate health care and violence. These policies and practices have and continue to be implemented by Defendants and their agents or employees in their official capacities, and are the proximate cause of Plaintiffs' and the Plaintiff class's ongoing deprivation of rights secured by the United States Constitution under the Fourteenth Amendment. 116. Defendants have been and are aware of all of the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

**Third Cause of Action (Americans with Disabilities Act) 42 U.S.C. Sections 12101 et seq. 117.**

By their policy and practice of failing to reasonably accommodate prisoners with disabilities as described in paragraphs 108 - 113, Defendants violate the Americans with Disabilities Act, 42 U.S.C. Section 12132 and 28 C.F.R. Section 35.152(b)(1). 118.

PLEADING TITLE - 9

Plaintiff prisoners with disabilities he represents, are qualified individuals with disabilities as defined in the Americans with Disabilities Act. 119.

Defendants have violated the ADA by failing or refusing to provide plaintiffs with reasonable accommodations and other services related to their disabilities. See generally 28 C.F.R. Section 35.130.

Defendants have violated the ADA by failing to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability . . . ." 28 C.F.R. Section 35.130(b)(7). 120.

Defendants have violated the ADA by failing to make available information to prisoners about their rights under the ADA while detained in its Jail. 28 C.F.R. Section 35.106. 121.

Defendants have violated the ADA by failing "to designate at least one employee to coordinate its efforts to comply with and carry out is responsibilities under . . . [the ADA], including any investigation of any complaint communicated to it alleging its noncompliance. . . ." 28 C.F.R. Section 35.107(a). 122.

Defendants have violated the ADA by failing to "adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by . . . [the ADA]." 28 C.F.R. Section 35.107(b). 123.

Defendants have violated the ADA by failing to "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities . . . an equal opportunity to participate in . . . a service, program, or activity of a public entity." 28 C.F.R. Section 35.160(b)(1). 124.

**PRAYER FOR RELIEF 130.**

A Plaintiffs have no adequate remedy at law to redress the wrongs suffered as set forth in this complaint. Plaintiffs have suffered irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief The need for relief is critical because the rights at issue are paramount under the Constitution of the United States, 131. WHEREFORE, Plaintiffs, request that this Court grant him the following relief:

B ajudge and declare that the conditions, acts, omissions, policies, and practices of Defendants and their agents, officials, and employees are in violation of the rights of Plaintiff under the Eighth and Fourteenth Amendments to the Constitution, the ADA, and Section 504 of the Rehabilitation Act;

PLEADING TITLE - 10

C. Order Defendants, their agents, officials, employees, and all persons acting in concert with them under color of state law or otherwise, to provide minimally adequate health care to prisoners, to protect prisoners from a substantial risk of harm, and to provide reasonable accommodations to prisoners with disabilities.

D. Enjoin Defendants, their agents, officials, employees, and all persons acting in concert with them under color of state law or otherwise, from continuing the unlawful acts, conditions, and practices described in this Complaint, and from failing to provide equal access to programs, services, and activities to prisoners with disabilities, and minimally adequate health care and protection to prisoners from a substantial risk of harm;

E. Award Plaintiffs, pursuant to 29 U.S.C. Section 794(a), 42 U.S.C. Sections 1988, 12205 and 12133, the costs of this suit and reasonable attorneys' fees and litigation expenses;

F. Retain jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction; and

G. Award such other and further relief as the Court deems just and proper.

6/12/22

phillip sanders pro se

Dated this day of Month, year.

_____
Attorney Name

PLEADING TITLE - 11