# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARGARET MIMS, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-00634-JLT-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Docs. 30, 32, 33, 34, 35) |

## I.　BACKGROUND

In this action, Phillip Sanders, a pretrial detainee, complains that on several occasions over approximately 10 days, Defendants were slow to provide him with an inhaler or other treatment for his asthma, especially when fights or riots in Fresno County Jail caused delays or lockdowns. (Doc. 1.)

The Court screened Plaintiff's complaint and determined that he did not plead facts sufficient to support a claim for *Monell* liability or a claim for inadequate medical care as to individual defendants. Specifically, the Court found that Plaintiff alleged only sporadic delays in receiving asthma treatment when needed, and he did not allege injury from failing to receive treatment on any particular occasion. The Court granted Plaintiff leave to amend his complaint to remedy the identified deficiencies. (Doc. 10.)

After several extensions of time, Plaintiff filed a first amended complaint.  (Doc. 22.)  The Court issued a second screening order granting Plaintiff one final opportunity to file a second amended complaint that alleged more than sporadic incidents in which Plaintiff was denied (or provided delayed) asthma treatment.  (Doc. 27.)  Therein, the Court noted that "[a]lthough it appears unlikely that Plaintiff can amend the complaint to state a cognizable claim, in an abundance of caution, the Court will grant Plaintiff one final opportunity to amend the complaint, if he can do so in good faith."  (*Id.* at 7:11-13.)

After the Court granted Plaintiff's request for a 60-day extension of time to file an amended complaint (Docs. 28, 29), Plaintiff filed a second amended complaint.  (Doc. 30.)  Plaintiff also filed a memorandum in support of the amended complaint.  (Doc. 31.)  Therein, Plaintiff appeared to state claims of intentional infliction of emotional distress as a result of Fresno County Jail's systemic failure to provide minimally adequate medical care to prisoners with disabilities.  (Doc. 30.)  He attached an email with an employee of the Fresno County Sheriff's Office discussing the jail's inhaler policy at the time Plaintiff was in custody, which was to provide an inhaler within 24 hours of a request.  Plaintiff also averred to a previous class action against the same Defendants regarding the Jail's provision of reasonable accommodations for disabilities.  (Doc. 30.)

The Magistrate Judge issued findings and recommendations recommending Plaintiff's second amended complaint be dismissed with prejudice and stating that the second amended complaint did not cure the previously identified pleading defects.  (Doc. 32 at 11:5-9.) Specifically, though Plaintiff mentioned of a policy against providing inmates inhalers at booking, Plaintiff's second amended complaint made clear that asthma treatment is available upon request and was provided to Plaintiff regularly.  The Magistrate Judge further found that any delay between Plaintiff's request for an inhaler and his receiving it was "short and at most negligent"—falling short of the standard for an inadequate medical care claim. (Doc. 32 at 8–9.) Plaintiff's allegations were similarly inadequate as to his claims under the Americans with Disabilities Act and as to his intentional infliction of emotional distress claim.  The Court served the findings and recommendations on Plaintiff.  It advised him that any objections thereto were to

2

be filed within 14 days after service.  (*Id.* at 12.)  Plaintiff then filed a third amended complaint, a motion to amend, and objections to the findings and recommendations.  (Docs. 33, 34, 35.)

## II.     DISCUSSION

### A.     Motion to Amend

A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). But "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

The Court has reviewed Plaintiff's proposed third amended complaint ("TAC").  (Doc. 33.)  As with Plaintiff's prior submissions, the proposed TAC does not allege facts amounting to a constitutional violation.  (Doc. 33.)  The proposed TAC states that the Defendant(s) "did not take any reasonable measures at all" to provide Plaintiff with asthma treatment—an allegation that is clearly contradicted by Plaintiff's own account that he regularly received treatments, albeit slower than he sometimes preferred.  Plaintiff further appears to abandon his ADA and intentional infliction of emotional distress claims in place of a state claim for reckless endangerment under California Penal Code § 368, a criminal statute under which there is no private right of action. *Soriano v. Countrywide Homes Loans, Inc.*, No. C 09-02415 JW, 2010 WL 11590680, *10 (N.D. Cal. Feb. 5, 2010).  The Court finds that the proposed TAC does not contain substantive additions

that would impact the supportability of the recommendations, and it finds that amendment would be futile based on the filed complaint and motion to amend. *See Novak*, 795 F.3d at 1020. The Court also finds the repeated failure to cure deficiencies through amendments previously allowed weighs against granting leave to amend. *See Sonoma Cty. Ass'n of Retired Employees*, 708 F.3d at 1117. Accordingly, the Court **DENIES** Plaintiff's motion to amend.

## B.  Adoption of Findings and Recommendations

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court holds that the findings and recommendation are supported by the record and proper analysis. Plaintiff's objections merely reiterate the facts alleged in his amended complaints and argue that the Magistrate Judge drew incorrect legal conclusions from those facts; the objections therefore do not call the Court's conclusions into question. The findings and recommendations are hereby adopted in full.

## III.  ORDER

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to amend (Doc. 34) is **DENIED**.
2. The findings and recommendations issued on January 20, 2023 (Doc. 32) are **ADOPTED IN FULL**.
3. This action is **DISMISSED WITH PREJUDICE**.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 12, 2023**

UNITED STATES DISTRICT JUDGE

4